May it please the Court, this lawsuit challenges the U.S. government's placement of Americans on a secret list that prohibits them from boarding planes without giving them any explanation or meaningful chance to clear their names. The government, in its brief, has argued that this is just a procedural challenge, that there is really no substantive challenge to the placement on the list. They say this in various places in the brief. And so it would help me if you would start out by pointing out where in the complaint you have a substantive challenge. Yes, Your Honor. In both paragraph 5 of the complaint and the prayer for relief, plaintiffs clearly challenge their placement on the no-fly list and seek removal from this list as one form of relief. But this claim is, as Your Honor has pointed out, a broad procedural challenge to the failures of the entities that have deprived plaintiffs of the ability to board planes and are solely empowered to afford them the requested relief. That the claim is brought as a procedural challenge doesn't change the fact that they are challenging the actions and failures of TSC in placing them on the list. That substantive deprivation lies at the heart of the procedural challenge, Your Honor. But can you, if you're making, as you call it, a broad procedural challenge, are there entities missing here that would be necessary to provide the broad? I realize you say you have substantive, but you also are making a procedural challenge. TSA is not a party, right? No. But TSC, Your Honor, is solely responsible for plaintiff's deprivations and empowered to afford relief. Here the TSC has issued nothing to the plaintiffs that would tell them what their status is on the watch list or provide them the basis for that inclusion. So their challenge framed as procedural due process challenges both that substantive determination and the violations of that agency for not providing them notice of the basis of their inclusion or the requested relief or an opportunity to be heard before a neutral decision maker. And here that decision maker is the terrorist screening center. And for that reason, under this Court's precedent in Ibrahim, the district courts have jurisdiction over this procedural due process challenge to the placement of the plaintiff's names on the no-fly list. Ibrahim squarely held that Section 46110 doesn't apply to challenges to TSC decisions and actions. And this is because the terrorist screening center, as Ibrahim stated, isn't part of the Transportation Security Administration or any other agency named in Section 46110. It is a part of the FBI. And as the defendant's own declarations show, the TSC is the final arbiter of whether names are placed on or taken off the list. And this lawsuit challenges TSC's failure to provide them a process when making those decisions. Can you explain to me in plain English what you locked out? I'll take the extra time. It's fine with me. I don't know. Sometimes lawyers want to sit down, but we don't let them. So just in plain English, what relief? I'm putting aside the question of whether you've got the right entities here or not, which we can, you know, take up with the government. But just in plain English, what relief do your clients want or expect to be able to get out of this lawsuit? They request two alternate forms of relief, either the removal of their names from the no-fly list or meaningful process. And that meaningful process would include a determination with respect to their request to be removed from the watch list, so a statement from the decision-maker as to whether their names are on the no-fly list or not, and if so, what evidence supports the government's determination. And finally, an opportunity to be heard before a decision-maker in that process, so that they can confront or rebut the evidence against them. That claim isn't quite right, is it? The claim is ripe, Your Honor, because as of this moment, the TSC, which is the decision-maker, hasn't issued anything that would tell them why they're on the list or whether they, in fact, remain on the list following their redress complaints after being denied boarding. The TSC has insulated itself wholly from any redress mechanism with direct communication of people who've been denied traveling. They've pointed to the fact that they're on the list. I'm just thinking out loud. If your client don't know whether they're on the list, I mean, they suspect they're on the list, I guess they've been told by nongovernment officials, people who are not TSC, certainly, that they are on the list, or it's been suggested that they are. But how can they seek removal as a remedy until they know they're on the list? Well, Your Honor, each of the plaintiffs was denied boarding in a very public manner in an airport, either in a U.S. airport or an international airport, and told either by officials of the United States government, including FBI agents in many of the situations of the majority of the clients, or by airline officials that their names are on a government watch list. They were told that was the case. But they eventually did travel, right? Excuse me? They eventually did. No. Only the plaintiffs who were stranded abroad were granted what appeared to be one-time waivers to fly home, and that was because the initial complaint included claims challenging their effective exile from the U.S. due to their placement on the no-fly list. Only those who were traveled, stranded abroad, were turned back. Plaintiffs in the United States have not been able to board planes. Several have tried to do so. One has not been able to. So the claims are right. I'm sorry. Several have tried to do so, and some have succeeded, and one has failed? Exactly. So the plaintiffs, after they're denied boarding, believe they're on the no-fly list. Many of them are told by government officials they're on the no-fly list, but they're left in limbo. All they receive from the DHS trip system is a letter that neither confirms nor denies their status on a watch list. What they have to do is risk monetary and reputational deprivations by trying to fly again. They don't have a final answer. But what this claim, what this lawsuit is about, is demanding from the entities that have put them in this situation where they believe and the complaint makes clear that the plaintiffs believe their denial of boarding is due to placement on a government watch list. They deprive them of those rights without giving them meaningful redress. And that's why this lawsuit is properly brought against the TSC and should go forward in the district court as is held, this Court held in Ibrahim. Kennedy. Congress did provide a procedure by which they can challenge or seek redress for the claim, did it not? Congress directed TSC to create a redress process, but that doesn't change the fact that the executive- TSC or directed the Department of Transportation or the Department of Homeland Security. Excuse me. I misspoke. Congress directed TSA, through the Department of Homeland Security, to provide redress. And there is a procedure in place, but you are challenging the adequacy of that procedure. Well, we're challenging the failures of TSC, and Congress cannot change the fact that the executive has empowered TSC. You're not answering my question. There is a procedure in place that TSA has promulgated. Yes, Your Honor. There is a procedure in place. But your challenge is that that procedure is inadequate to address the grievance that  Isn't that right? There are two answers to that question, Your Honor. The first is that the procedure does not give the clients an opportunity to be heard before the decisionmaker, which is TSC. You're not challenging the adequacy of the procedure, correct? Yes, Your Honor. That's not a trick question. Right. Okay. What's the second part of that? Well, the second part is that to the extent that that process is purported to discharge TSC's obligations, it's a process that is a TSC process, and therefore, Section 46110 does not apply to this lawsuit. I don't understand why that isn't also a challenge to the adequacy of the procedure that TSA has promulgated. Well, Your Honor, the key question is, who is obligated under the Constitution to provide the redress that the plaintiffs seek? And under the Constitution, it's the entity that has deprived them. Congress made that determination, did it not? It said, TSA, you will promulgate regulations that will give aggrieved travelers a manner in which to pursue their grievance. Congress decided, yes, that TSA should be the recipient of redress, but the process has made TSA a messenger of the decisions of a different agency, the Terrorist Screening Center. And this lawsuit challenges that agency's failures. Has there been an administrative appeal once you receive a determination letter from the TSA? Have you pursued that administrative appeal within the TSA? No, Your Honor. This lawsuit was filed before most of the plaintiffs even received DHS trip determination letters. And let's get back to the Chief's earlier question. Is this claim ripe yet? Shouldn't you have to exhaust those procedures before we can rule on whether or not it's inadequate as a matter of due process? Well, Your Honor, this case is challenging the plaintiff's placement on the list. And under Ibrahim, challenges to placement are properly brought in the district court. And this case also challenges the plaintiff's placement on the list. That's your substantive challenge. That is the substantive challenge. But I want to focus on the procedural. You want us to declare that there is a due process violation based upon the inadequacy  of the procedures that are available to you through the TSA. This challenge, Your Honor, is correct. It's a broad procedural challenge. And under this Court's precedent. A broad procedural challenge still requires exhaustion. Right. Well, Your Honor, under Mace v. Skinner and Foster v. Skinner, this Court squarely held that challenges to the agency's procedures are properly brought in the district court. And that's for two reasons. The first is because those challenges to the broad procedures aren't don't hinge on one individual's claim or one individual's administrative record. You just told us that each plaintiff is challenging his or her alleged placement on the no-fly list. So isn't that an individual as opposed to a broad-based claim? Your Honor, it is both. The claim is challenging both the substantive placement and the failure to provide procedures. And that is because ---- But how can we know that the procedures have failed if you haven't fully pursued them? Your Honor, my time is up. And so my ---- I think I'm entitled to an answer. Yes. You've still got a minute. Yes. The answer is, Your Honor, that as we said, the agency that's the decisionmaker has not issued a decision to the plaintiffs. So their claims challenging the placement are procedural claims that challenge both the substantive decision as arbitrary and capricious and without justification as well as that failure to provide process itself. Both claims are broad in plaintiff's Fifth Amendment claim and the procedural due process claim under the APA. I still don't understand how we can reach that conclusion if you haven't exhausted all of your administrative records. Your Honor, that system is one run by an entity that is not the decisionmaker. And the Constitution applies to what the TSA has done and failed to do, which is to provide process after depriving plaintiffs of their rights. And we seek the guidance of this Court. We believe that this claim was properly brought under Ibrahim, which squarely held that challenges to placement belong in the district court. And both the substantive challenge is in this lawsuit as well as that broad procedural due process challenge, which under Mace and Foster may go forward in the district courts as well, where there is no TSA order that is being petitioned for review. The distinction that the district court draws and that the government asks for is incorrect and unworkable. This distinction between claims challenging placement versus removal, they are one and the same. The decisionmaker is the same in both cases, and a jurisdictional rule distinguishing them is unworkable. I'd like to reserve the rest of my time for rebuttal. Thank you. We'll hear from the government. Welcome. Good morning, Your Honors. May it please the Court. My name is Joshua Waldman, here from the Department of Justice, representing the appellees. The plaintiff's claim here is that the government didn't give them a meaningful opportunity to contest their continued inclusion on the no-fly list. Well, they do, in fact, in Paragraph 5 of the complaint, argue that the – this is on page 4, Paragraph 5 of the complaint. This action is for the purpose of an injunctive relief. The plaintiff seeks the removal of their names from any government watch list. Right. That is part of their prayer for relief. Well, it's actually not just in the prayer. And also, Paragraph 5 describes what their ultimate prayer for relief will be. I do understand that plaintiffs have conceded in this case, of course, that the usual and ordinary remedy for a procedural challenge of the kind that they brought is not the removal of a name, but the formulation of new procedures. And, of course, ultimately here we're talking about Rule 19, which asks for a complete relief, that you need all the parties to give you complete relief, not just partial relief. But I think the more important part is not what the prayer for relief is, but what is the nature of the claim? Because, of course, in Ibrahim, one of the central precedents here, the plaintiff there also sought – ultimately sought removal of her name from a watch list. But the Court said insofar as it was a procedural challenge, and the procedural challenge there was, like it is here, an opportunity to contest the placement on the watch list, that the procedural challenge did not belong in the district court. It belonged in the court of appeals. And the claim here, which is repeated over and over again at least five times in the complaint, is a challenge that says we were not given an opportunity to contest. That is almost verbatim the procedural opportunity to contest the watch list. Kennedy. Well, but they also say they want removal. So at best, it's a mixed challenge. So why isn't the district court wrong in having dismissed that portion of the complaint that seeks removal? Right. Because I don't think any of the other parts of the complaint that seeks removal Right. I understand what you're – I think you're suggesting a bifurcation in the way that Ibrahim did itself. And the difference here is, well, there's two differences. One, no such claim was presented in this complaint. When you say such claim, you mean a substantive claim? A substantive claim to the outcome of the redress process. That's not reading the complaint very generously. I mean, you know, as we're supposed to. I mean, look at paragraph 5. Read it. I understand. You have it? Let me just explain why I think that's true, just by paragraph 5. Okay. The reason is, this complaint was filed before any of the plaintiffs received a letter from TSA that a final substantive decision on the redress process had been made at all. So I think as a matter of logic, it's impossible that their complaint could have challenged a decision that had not yet been made. Not at all. Not at all. I mean, you know, you get told you can't fly. People at the airport say, you know, you're on this list or something like that. You've got lots of reasons to believe. You know, you're stranded and, you know, abroad, and you can't board a plane. You have pretty good reason to think that you're on the no-fly list. And so you say, I want my name off that list. Now, you may have to litigate the question of whether you're on fact. But that is not their complaint, Your Honor. Look at this here. The plaintiffs' case.  Mr. Walner, they say this. And what I want you to do is focus on this language in the complaint and tell me what we do about it. I mean, do you have it? You sort of refuse to look at it, and it's not going to work if you – if we're not all looking at the same language. I looked at it when she mentioned it. I'll pull it out again if you want to read it to me. Well, plaintiffs seek the removal of their names from any government watch list. Why is that a substantive claim? Why isn't that a substantive claim? Yes. Because the way this – when you look at the actual claims for relief in the complaint, you've got to turn to the back end. And then you go to the back end. Are you talking about the prayer? No, I'm not talking about the prayer for relief. Give me a page then. Page 49. 49. First claim for relief. Paragraph 147. Defendant's actions described above in refusing to provide plaintiffs with the reasons for their placement on the list and with a meaningful opportunity to challenge. That is the nature of their actual – Okay. So they're challenging – they're challenging the placement, which is a substantive challenge, and a meaningful opportunity to – to – That's – that's not what it says in the language I just read. I'm sorry. It's refusing to – What page is it? What paragraph? 147, page 49 of the excerpt of the record. This is their complaint. What page of the complaint? 27, Second Amendment, which is excerpt of the record, page 49. Okay. Okay. First of all, they describe it – Which paragraph? 147. You're looking under the first claim for relief. You see that heading? Okay. Which is, by the way, described as post-deprivation. So they're asking for something after something's already happened at the airport during the redress process. That's how they described it in the district court at the hearing. And they say they're asking for the reasons, the evidence, and then to take that evidence and have a meaningful opportunity to contest their inclusion. Okay. That's what they're asking for. And the district court asked them in the hearing – this is in the supplemental excerpt of the record. What do you make of 146? Excuse me? What do you make of paragraph 146? 146. I think that's just to try to establish standing. Of course, if they don't – if they don't allege that they're on a list, then I don't think that they would have Article III standing. I think they're – That's half of what 146 says, and sought to challenge such placement. But they're not challenging the original inclusion in the first instance. They expressly said that they weren't in the district court hearing. Okay. The district court asked them, are you – are you bringing a claim to your – the initial inclusion in the first instance on the no-fly list? They said, no, we are not. Well, let me ask you a slightly different question. I understand you can quibble about the words, but let's say we look at the complaint. We sort of take the teachings of the Supreme Court that says, you know, complaints are to be construed liberally, and we actually read this as a substantive challenge to inclusion on the list. We can quibble about how we get there, but let's just say we look at all the words of the complaint, and that's what we find here. What is the consequence of that? Well, I think then we move – before I said there are two answers, and I think we move to our second answer, which is I think after you have a redress process, you're in a different world than in Ibrahim. And the reason is the redress process in which Congress set out in five statutory provisions that the procedures were to be governed by TSA, that process was not at all at issue or even discussed or challenged in the Ibrahim case. So I don't think it's the same thing. So many words for little meaning. Well, let me tell you – Why don't you – why don't you answer my question? Let's – let's – just let me repeat it one more time just so we're all focused on the same thing. Okay. And let's say we read this complaint and through the magic of construction, we read it as a substantive challenge to the inclusion of the plaintiff's names on the no-fly list. Let's say that's how we – okay. And so the question then becomes affirm or reverse, okay? So I don't even need a theory here. I just tell me affirm or reverse. Do we reverse the district court's ruling that they are – that the district court has no authority to – to consider that challenge? No. I think you still affirm. And let me – let me tell you – How do we do that? Okay. I think what you do is, first, you recognize what the theory, I think, of Ibrahim is, which is that this is about statutory jurisdiction and what Congress wanted. And in an instance where you have a challenge to redress either the procedures or the substantive outcome, you look at where Congress assigned that responsibility. And what it did, what Congress did, is in five separate statutes assign it to TSA and only to TSA, and not just the procedures, but also the authority to – and I'm quoting here – to implement, coordinate, and execute the entire redress process. And in Ibrahim, you didn't – unlike this case, because it was not a challenge to redress, you didn't have – you didn't have a challenge to the regulations, final regulations promulgated in the CFR by TSA to govern the entire process, and you did not have a letter ultimately issued by TSA announcing that a final decision on the redress process, a final substantive decision, had been made. So you're in an entirely different world, I think, than in Ibrahim, which recognized that this is all a question of what Congress directed by statute. There was no – I'm sorry, Your Honor. Kennedy, Mr. Waldman, keeping Congress's direction in mind, would you respond to the plaintiff's argument that there is an exception for what she called broad, broad procedural challenges? And I assume, you know, she's referring to cases like – and there is a line of cases, as a matter of fact, that in spite of the narrowing by Congress of challenges to administrative determination, when you're challenging the overall scheme, that's an exception. And the cases I can at least think of off the top of my head are cases like Haitian Refugee Center, El Rescate, cases like that that say, you know, in spite of directing administrative review to the court of appeals, you can make those challenges in district court. Right. Especially constitutional challenges. Right. I understand the argument. And it's one that I think was this Court's decision in Mace v. Skinner, and then there's a line. That – I would say a couple things. Number one, that whole argument was made in Ibrahim itself. And with respect to at least the procedural challenges there, in fact, with respect to the substantive ones, too, the Court didn't even – even though it was in the briefs and presented an oral argument, this Court didn't even sort of see that as an issue, a problem, in the Ibrahim case. And second, I would say that that whole line of cases, as subsequently interpreted in cases like Foster and Crist, said, number one, Mace involved a Bivens damages challenge. And one of the factors why it's entered to the district court is the jurisdictional statute here, 46-110, provides only for prospective injunctive relief, not for damages. And in later cases like Foster said, also we look at whether there's any kind of final order. And there was a – there was doubt in some of those cases whether the order in question was sufficiently final. We don't have any of those problems here. We know that there's final orders. The procedures are set in final regulations. There's no money damages claim here. And as Judge Tallman pointed out, ultimately, there's sort of a question of whether it's correctly categorized as a broad challenge, because ultimately, they may be looking at the individual plaintiffs and their circumstances. It's hard to know. But I don't think that line of cases is necessary here. Let me ask you two questions. Mr. Wallace, let's go back to square one. Let's say somebody – let's say you're a citizen. I'm sorry? Let's say you're a citizen, which I assume you are. Yes, I am. And you suspect, for reasons of your experiences at the airport, that you may be on the no-fly list. What would you – what's the address, what you're saying? How would you go about – I mean, obviously, you want to fly back to Washington, right? I think you're in Washington, aren't you? Yes. I mean, you're coming from Main Justice, right? That's correct. And you want to fly back, and you know, you want to go on family vacations and, you know, that's what people do when they fly, without even thinking about it. So what is the course? I mean, what advice would you give yourself as to how to proceed about bringing a lawsuit to fix this problem for yourself? What is the nature of the claim? The nature is I want to fly. You know, I want to fly just like everybody else. You know, it's a means of living in 21st century America. I haven't flown anywhere. I'm just curious. Is that – is that – I need to understand exactly what your hypothetical is. No, I'm saying it's you, just as you are. We have to assume nothing else. And all of a sudden, you just find that, you know, somehow through the processes in Washington, you somehow find you think yourself on a no-fly list. What do you do? What – how does one properly proceed to get oneself out of that difficult circumstance? If I – if I – What is the government's position specifically as to how a citizen ought to proceed to, you know, they think themselves wrongfully put on that list to – to – to fix the problem so they can be just like everybody else? Okay. Before I answer that, I just want – I'd like to sort of give a big caveat before the answer, which is the way you phrased your hypothetical could raise a whole host of different challenges, procedural, substantive. I don't know whether I've gone through redress yet, so I can't – No, no, you're just sitting there, they're port-stranded, and you say, you know, by God, I'm a lawyer, I went to law school, I'm going to – Okay. I'm going – I'm going to use the processes of the law to get myself back in a situation where I can fly just like everybody else, because in my heart, I know I'm innocent of anything. And – and so – and the right thing to do, because I work for Maine Justice and know what my government expects me to do at this point, is to do what? Okay. What – what do you do? You go to district court, you go to court of appeals, you go to – what do you do? If I understand – if I understand your – your question correctly, it's I am trying to fly back to Washington on denied boarding, and I'd like to challenge that, what do I do? Is that a – is that a clear – That and future – future denials that not only get back to Washington, but then, you know, you've got a family vacation planned. Okay. You've got the bar mitzvah, you know, all sorts of stuff that you need to go to. And – and – and you – you – you – you want to fly just like everybody else without having to think about it. I – I think that the correct answer is, and – and I would say that what this Court would say would be the ultimate correct answer, not what I would say, but the position I would take is – Well, I'm actually asking less your personal advice and more of the position of the United States as to what a citizen in that situation would do, because I think people are interested. I think there are people listening here who – who will want to know, you know, they did it wrong, and you – and they did it wrong. What is the right way about – about doing this? Sure. I think what you would do is if you were denied or delayed boarding, and you thought – if you were delayed or denied boarding, and you thought it was because you were on a watch list, you would then apply through the redress process. You would submit your application and say, you know, I think that I'm incorrectly identified or whatever you think. You go through that process. You receive a final answer. You pursue your appeal remedies to the end. Then once you do, you have received an answer through the redress process, all aspects of which are challenged, both the substantive decision and any attack to the process, through 46-110. You timely file within the 60-day rule under 46-110 in a proper court of appeals under the – the rules of which courts are proper under 46-110. And assuming you satisfy those hurdles and Article III standing, then I think you – you've – you've overcome your threshold procedural problems. Okay. So what you think the plaintiffs here should have done is once they got their response to their redress request, got the letter saying, we can't tell you whether they are on the no-fly list or not, but too bad, you lose, they should have come to court of appeals. Is that – that's your answer? Yes, which is, number one, what the letter tells them to do is file a claim under 46-110. Yes, that's fine. I'm just trying to understand. Right. Yes. Yes. Yes. So is it too late for them to do that now? Well, now they're outside of the 60-day time period, so yes. What keeps them from filing another request for redress? Well, what they would – what they would need to do is experience a new problem at the airport and then apply again based on that problem, not based on something that happened already. They've already asked for essentially an adjudication through an agency, and the time for properly appealing it is gone. But it's just like any other agency action where if you have a new problem and you don't file it, then, you know, that's not – that's not beyond the realm of possibility. But why isn't – why isn't the harm continuing if they – if they remain on the no-fly list and they were – they're going to be denied boarding if they go back out to the airport? Well, the nature of the redress program is one that addresses incidents that happen at airports that are because – that the person believes properly is sort of because of the no-fly list. So you can't just keep applying over and over again, in other words. But if you go to the airport and something happens like you thought it happened before and you apply for something that's properly within the scope of the program, then you can go through the program again and get an answer. But I think this also comes back to Judge Kaczynski's question, which I think is an important point to make, which is because you're talking about a watch list that is continually updated, is – you know, intelligent information that goes into making decisions about watch lists continues to grow. I don't think that there's a way to say – even if somebody got to the end of a process and, imagine, a court said, you're not properly on the watch list, take them off. There's no way to know at the – you know, a year from now, maybe some new intelligence comes about that person, and then they're properly put back on. So there's no way, I think, to forever – nobody can guarantee, because no one knows what intelligence will be going forward. But, you know, the process I described is one that at least, you know, based on – you can have a review based on what you know at the time. And the consequence of that process could be that you get to adjudicate whether or not you're on the no-fly list? Well, I don't think that – I mean, let's say they bring such a challenge. They get on one of these letters, and the letter's not very informative, and you say, well, I want to challenge that. Okay. What would be the consequence of the success? How would the successful challenge look? Well, I think that there – I want to be, like, pretty careful about this. I think that there are certain challenges that I think would clearly – could be litigated by Federal courts. For example, a facial constitutional challenge that said something like, I am put on the no-fly list. The sole reason I was put on the no-fly list was, say, my religion. That is the only basis that the agency had. And let's say that turned out to be – let's say the court said that's true. You could litigate that question. Now, questions about whether – that were not constitutional, but simply challenges that said, is there sort of sufficiency of the evidence? I think that courts should be very wary about wading into assessing that kind of national security intelligence and whether it meets a particular standard or not. I'm not taking a definitive position on whether that would be a cognizable claim or not. It may be that such a thing is committed to agency discretion. It may be that it's cognizable, but under a very, very narrow standard of review. No litigation, including this one that I'm aware of, has confronted that question because we've never gotten to that stage, and the government would be very careful about formulating what its position would be at that time. The only question in this case is what the subject matter is. Kennedy, I do understand that. I do understand that once the proper case comes along and you actually are confronted with dealing with a question of whether somebody is properly on or off, that all sorts of other considerations come into play. So I'm not asking that question. I'm not asking what happens in the nuts and bolts. I'm just asking you how you get to the starting gate where you can pose a question and then you've got the whole series of issues that can be litigated at that point. Okay. And I understand you to just sort of begin with. But I just want to say it is your position on behalf of the United States that if somebody gets a redress letter and within 60 days they file a notice in the court of appeals, that that proceeding can at least pose the question of whether somebody is and whether they're properly on the no-fly list. Is that your position? Can at least pose a question and overcome the procedural threshold problems? Yes. Now, with a caveat, Your Honor. How? That's one of the issues we asked in Ebrahim. How do you do that? We don't have witness boxes. We don't have, you know, can't take evidence. You know, there's no we're not like a district court. Right. But it would just be an agency review case just like any other. I mean, you don't take witnesses under, like, the Hobbs Act, for example, which has the record. But there's no record. Is there to review? Yeah. Well. Other than the determination letter, which will neither confirm nor deny that you're on the list. Well, I think that there would be a record of some kind behind the agency's decision. It's not one that's necessary. Like what? I mean, you mean a record that the applicant never saw? Well, there may be a record that is filed with the court ex parte in camera. I don't want to commit, again, because we haven't litigated this question, to its conclusion what exactly would be in the record. But there would be a record. It would be more than just that letter. More than what? More than just the letter that is sent to the person. But again, without having confronted that issue and gone through litigation about how exactly the record is formed, I don't want to commit the government to any particular position. But I will say there will be a record. There will be a record, an administrative record, for the court to review. But you have no idea what would be in the record? Well, without knowing the particular litigant and the circumstances, I don't think I could give a uniform answer for every conceivable plaintiff. Well, I mean, suppose like these plaintiffs. What would be in their record? Any one of them? Well, I think I can just say as a general matter that the agency, when it as we described in the declarations, when someone is put on a watch list, there is no other nominations from intelligence departments within the executive branch. There is information, intelligent information, that's looked at. Now, what exactly would be how we do to formulate the record out of all that? I can't say with precision, but I can tell you there is a record. There is information that is behind these decisions about watch lists. And, you know, we would have to figure out in the course of litigation and with the court what that record would be. But there would be a record. It might be one that's examined ex parte in camera by the court. But there's a record. Again, I just want to emphasize, as I'm sure you all know, that that's not the question presented in this case, which is solely a question about subject matter jurisdiction. It is not at all about what the record is. It's not about the substantive decision. It is only about whether the district court had jurisdiction. It's the sole question presented by this case and before Your Honors at this time. Okay. Thank you. If there are no further questions. Thank you. Thank you, Your Honor. You may have three minutes for rebuttal. Your Honor, I'd like to make three main points. And the first is that by the government's own admission, the redress process itself does not get to the central issue poised in this case, which is the plaintiff's effort to challenge their placement on the list. And in doing so, getting a reasonable process to do that. I still don't see how you can make that claim when you have not pursued the process that the current regulations provide. Your Honor, the second amended complaint is the operative document here. And as of that moment, plaintiffs filed DHS TRIP letters. They received DHS TRIP forms, received letters that say nothing. And their procedural due to the plaintiff's claim. They say you have a right to administrative appeal. Do they not? Well, Honor, but what are they appealing? They don't know what to appeal or whether to appeal. And as of that moment, they don't have the procedure that the Constitution requires. They're appealing the fact that they can't get on an airplane and they think their name is on the no-fly list. But the letters don't say anything about what the substantive outcome, if any, of TSC's review of their complaints are. Isn't this part and parcel of their grievance with the TSA that they should pursue and lay out in their appellate papers to the agency? The grievance, Your Honor, is with the TSC's failure. And it's Glomar policy. It's policy of neither confirming nor denying their status or giving them any reasonable means to fight for themselves and clear their names. And that's you. Until you do that, we can't know that if the undersecretary for TSA speaks with the assistant director for the FBI or whoever it is that's in charge of the TSC, if an Well, Your Honor, the plaintiffs don't know what to submit because the letters say nothing. They're unable to even defend themselves through that existing process. And I would like to say the same thing that they've said in their lawsuits, in paragraph five of the complaint and in the other paragraphs that you've referred to. Your Honor, I'd like to emphasize that in Ibrahim itself, the government has not moved to dismiss procedural due process claims against TSC and FBI, claims that were added after this court's 2008 decision in Ibrahim itself. They have not moved under section 46110 to dismiss those claims, which shows that procedural due process challenges to TSC and FBI actions fall within Ibrahim's jurisdictional holding, that placement decisions can be challenged in the district court. And, Your Honor, to answer your question about ripeness, the plaintiffs have already been deprived of adequate process. So that claim brought in this lawsuit, the procedural due process claim, is ripe. And also, Your Honor, as you ask questions regarding the record, the records of the individual plaintiffs in this case, both are entirely one-sided. Plaintiffs don't know what's in there, and they aren't relevant to either to the broad procedural challenges here. The plaintiffs would want to submit evidence that shows why the Glomar policy is depriving them of their rights. And although the record before this Court is adequate for this Court to find the existing due process unconstitutional, plaintiffs would want to show that the government's policy of neither confirming or denying their status on a watch list or providing them the reasons for that placement if they are indeed remain they remain on the list is both not uniformly applied and is ineffective. And the plaintiffs haven't had the chance to do that. Roberts. Thank you very much. Thank you. Pager's argument stands submitted.
judges: Kozinski, Tashima, Tallman